UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA BUISSON, | ) |
|     Plaintiff, | ) |
|     v. | ) |
| UBER TECHNOLOGIES, | ) |
| INC. and UBER USA, LLC | ) |
|     Defendants. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Local Rule of Civil Procedure 81.1, defendants Uber Technologies, Inc. and Uber USA, LLC ("Uber Defendants") hereby give notice of the removal of this action, which is currently pending in the Supreme Court of New York in Kings County, captioned *Buisson v. Uber Technologies, Inc., et al.*, Index No. 501176/2021, to the United States District Court for the Eastern District of New York. As grounds for removal, the Uber Defendants states as follows:

1.	The Uber Defendants removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs.  See 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

**BACKGROUND**

2.	On or about January 15, 2021, Plaintiff Melissa Buisson ("Plaintiff") filed a complaint ("the Complaint") in the Supreme Court for Kings County naming the Uber Defendants as defendants.

1

3. Plaintiff alleges in the Complaint that she was injured in an automobile collision on June 27, 2018, in which she was a passenger in a vehicle "managed, maintained, supervised, repaired, inspected, controlled, employed" by the Uber Defendants.

4. Plaintiff claims she suffered "serious and permanent injuries" and "was rendered sick, sore, lame and disabled and has remained so since the said occurrence."

**TIMELINESS OF REMOVAL**

5. The Uber Defendants received service of the Complaint on or about April 6, 2021.

6. This Notice of Removal is timely because it is filed within 30 days from the date that the last defendant received service of the Complaint. See 28 U.S.C. §§ 1441(e), 1446(b); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (removal period triggered by service).

**DIVERSITY OF CITIZENSHIP**

7. Complete diversity of citizenship exists in this matter because Defendants are both citizens of different states than Plaintiff. See 28 U.S.C. § 1332(a).

8. Plaintiff alleges that he is an individual residing in Kings County, New York. Plaintiff is therefore a citizen of New York for diversity purposes.

9. At the time of the filing of the Complaint, Uber Technologies, Inc. was, and currently is, a corporation formed under the laws of the State of Delaware with its principal place of business located at 1515 3rd Street, San Francisco, CA 94158. Uber Technologies, Inc. is therefore not a citizen of New York for diversity purposes.

9. At the time of the filing of the Complaint, Uber USA, LLC was, and currently is, a limited liability company formed under the laws of the State of Delaware with its principal

place of business located at 1515 3rd Street, San Francisco, CA 94158. Uber USA, LLC has 1 member: Uber Technologies, Inc., which, as set forth above, is not a citizen of New York. Uber USA, LLC is therefore not a citizen of New York for diversity purposes.

11. There is complete diversity between Plaintiff and Defendants in this action because Plaintiff is a citizen of the State of New York and no Defendant is a citizen of the State of New York. *See* 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

12. Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

13. According to the Complaint, Plaintiff suffered "serious and permanent injuries" and "was rendered sick, sore, lame and disabled and has remained so since the said occurrence." Compl., ¶¶ 33, 11. The Complaint further alleges that the damages exceed $50,000. Compl., ¶ 37.

14. Where, as here, the amount in controversy is not apparent from the pleadings, the defendant may attach documents outside of the pleadings, including "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery," to their removal notice. 28 U.S.C. § 1446(c)(3)(A).

15. Plaintiff's hearing transcript under New York General Municipal Law § 50-h concerning the collision that is the subject of this lawsuit, *see Buisson v. The City of New York et al.*, 521973/2018, Doc. 25, contains a detailed description of Plaintiff's claimed damages, including:

- MRIs diagnosing "disc herniations, a torn rotator cuff, fractured ankle, tissue damage on both the right and left shoulder, a couple herniated discs from like my neck and my lumbar region";

- three surgeries for her "shoulders, the rotator cuff, and herniated disc";

- physical therapy "[t]hree to four, sometimes five" times weekly;

- emergency room care at Kings County Hospital for injuries to "[b]oth shoulders, neck, upper to mid-back area" and "knee and right ankle"; and

- "[s]even days" of missed work.

*See* 50-h Hearing Transcript, attached hereto as Exhibit A, at 28-9, 30-1, 27, 23, 6. The plaintiff also testified about extreme daily, ongoing pain:

> Q. How often does your neck bother you?
> A. Every day.
> Q. How often does your back bother you?
> A. Every day.
> Q. How often do your shoulders bother you?
> A. Every day.
> Q. How often does your ankle bother you?
> A. Every day.
> Q. How often do your knees bother you?
> A. Every day.
> Q. On a scale from one ten, ten being the highest, what would you say your rate of pain is in your neck?
> A. Ten.
> Q. How would you rate the pain in your back?
> A. Ten.
> Q. How would you rate the pain in your shoulders?
> A. Ten.
> Q. How would you rate the pain in your ankle?
> A. Ten.
> Q. And your knees?
> A. Ten.

Exhibit A at 35-6. The Plaintiff further testified as to personal and professional limitations:

> Q. Are there any activities now that you cannot do because of the

4

>accident?
>A. I used to exercise, like run on the treadmill. I can't do that. I can't lift weights. My patients at work, because I am a nurse, I was used to lifting and turning them and I can't do that anymore. I can't walk for a long time because my back starts to hurt. But I also can't sit for a long time because it is like I have to stand for a minute and sit for a minute. I can't stand or sit in a certain positions for a while or I will start feeling pain.

Exhibit A at 35-6. Thus, it is apparent from the Complaint and the 50-h Hearing Transcript that Plaintiff's alleged damages exceed the $75,000 amount necessary to establish diversity jurisdiction.

## **ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

16. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the Uber Defendants are filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

17. Pursuant to 28 U.S.C. § 1446(a), the Uber Defendants attach all process, pleadings and orders that have been filed, served or received by the Uber Defendants in this action as Exhibit B.

18. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Eastern District of New York, as the Complaint in this action was filed in the Supreme Court for the State of New York, Kings County.

19. The Uber Defendants will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Supreme Court for Kings County, as required by 28 U.S.C. § 1446(d).

20. In removing this action, the Uber Defendants do not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

22. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, the Uber Defendants respectfully request that this action proceed in the United States District Court for the Eastern District of New York, as an action properly removed from state court.

Respectfully submitted,
DEFENDANTS,
UBER TECHNOLOGIES, INC., UBER USA, LLC
By its attorneys,

/s/ Christopher G. Betke
Christopher G. Betke (CB4314)
Coughlin Betke LLP
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
212-653-0380
cbetke@coughlinbetke.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically and via first class mail, postage prepaid, to all counsel of record on May 6, 2021.

/s/ Christopher G. Betke
Christopher G. Betke
