**EXHIBIT B**

NYSCEF
**Document List**
Kings County Supreme Court
**Index #   501176/2021**
Created on:05/05/2021 03:45 PM

---

Case Caption:   **Melissa Buisson v. Uber Technologies, Inc. et al**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT | Processed | 01/15/2021 | Barenbaum, B. |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE UBER USA, LLC s/h/a UBER USA, LLC. - THRU SECY OF STATE | Processed | 03/11/2021 | Barenbaum, B. - filed by Capital Process Servers, Inc. |
| 3 | AFFIRMATION/AFFIDAVIT OF SERVICE UBER TECHNOLOGIES, INC. - THRU SECY OF | Processed | 03/11/2021 | Barenbaum, B. - filed by Capital Process Servers, Inc. |
| 4 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING AUTHORIZATION | Processed | 03/11/2021 | Barenbaum, B. - filed by Capital Process Servers, Inc. |

Case 1:21-cv-02534-AMD-LB   Document 1-2   Filed 05/06/21   Page 3 of 17 PageID #: 56

SUPREME COURT OF THE STATE OF NEW YORK    Index No.:
COUNTY OF KINGS

-------------------------------------------------------------------X    **SUMMONS**

MELISSA BUISSON,

                 Plaintiff,       Plaintiff designates Kings
                                         County as the Place of Trial

     -against-

                             Basis of venue is
                             Plaintiff's residence

UBER TECHNOLOGIES, INC. and UBER USA, LLC.,

                             Plaintiff resides at
                             690 East 45th Street
                 Defendants.      Brooklyn, New York

-------------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT**:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after the service of this summons is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint, together with the costs of this action.

Dated: Brooklyn, New York
       January 15th, 2021

                             Yours, etc.,

                             _____
                             LAW OFFICES OF BRYAN BARENBAUM
                             Attorneys for Plaintiff
                             2060 Eastern Parkway
                             Brooklyn, New York 11207
                             Phone: (718) 421-1111
                             Fax: (718) 421-1112

**Defendants' Addresses:**

**UBER TECHNOLOGIES, INC.**
**UBER USA, LLC.**
**c/o CT CORPORATION SYSTEM**
**28 Liberty Street**
**New York, New York 10005**

                     **SEND TO YOUR INSURANCE COMPANY PROMPTLY**

Case 1:21-cv-02534-AMD-LB   Document 1-2   Filed 05/06/21   Page 4 of 17 PageID #: 57

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
MELISSA BUISSON,

                            Plaintiff,                              Index No.:

                                                                   **VERIFIED COMPLAINT**

              -against-

UBER TECHNOLOGIES, INC. and UBER USA, LLC.,

                            Defendants.

-------------------------------------------------------------------X

       Plaintiff, MELISSA BUISSON by her attorneys LAW OFFICES OF BRYAN

BARENBAUM complaining of the defendants, respectfully alleges, upon information and belief,

as follows:

1.  That at all times herein mentioned, plaintiff, MELISSA BUISSON was and still is a
    resident of the County of Kings, City and State of New York.

2.  That at all times mentioned herein, defendant, UBER TECHNOLOGIES, INC. was and still
    is a foreign corporation duly organized and existing under and by virtue of the laws of a state
    other than the State of New York but licensed to do business within the State of New York.

3.  That at all times mentioned herein, defendant, UBER TECHNOLOGIES, INC. was and is a
    business entity duly organized and existing pursuant to the laws of a state other than the State
    of New York but doing business within the State of New York.

4.  That at all times mentioned herein, and on and before June 27th, 2018, defendant, UBER
    TECHNOLOGIES, INC. regularly conducts business in the State of New York and derives
    substantial revenue from services in the State of New York.

5.  That at all times mentioned herein, and on and before June 27th, 2018, defendant, UBER
    TECHNOLOGIES, INC. managed a Transportation Network Company known as "UBER"

Case 1:21-cv-02534-AMD-LB   Document 1-2   Filed 05/06/21   Page 5 of 17 PageID #: 58

which employed, hired and retained Drivers to provide a number of transportation options

and vehicles for users of their service through an online-enabled application known as the

Uber App.

6.  That at all times mentioned herein, defendant, UBER USA, LLC was and still is a foreign

limited liability company duly organized and existing under and by virtue of the laws of a

state other than the State of New York but licensed to do business within the State of New

York.

7.  That at all times mentioned herein, defendant, UBER USA, LLC was and is a business entity

duly organized and existing pursuant to the laws of a state other than the State of New York

but doing business within the State of New York.

8.  That at all times mentioned herein, defendant, UBER USA, LLC, and on and before

June 27th, 2018, regularly conducts business in the State of New York and derives

substantial revenue from services in the State of New York.

9.  That at all times mentioned herein, and on and before June 27th, 2018, defendant,

UBER USA, LLC managed a Transportation Network Company known as "UBER" which

employed, hired and retained Drivers to provide a number of transportation options and

vehicles for users of their service through an online-enabled application known as the Uber

App.

10. That at all times hereinafter mentioned UBER TECHNOLOGIES, INC. and UBER USA,

LLC will be referred to collectively as "UBER".

11. That at all times hereinafter mentioned, and on and before June 27th, 2018, defendant,

UBER provided prearranged transportation services for compensation through the use of the

Uber App and other means to persons wanting to procure transportation with UBER Drivers

Case 1:21-cv-02534-AMD-LB Document 1-2 Filed 05/06/21 Page 6 of 17 PageID #: 59

who, utilizing their own personal vehicles, and want to provide transportation in exchange

for compensation.

12. That at all times hereinafter mentioned, and on and before June 27th, 2018, UBER

solicited Drivers in the New York Metropolitan area.

13. That at all times hereinafter mentioned, and on and before June 27th, 2018, UBER

solicited fostered a culture of reckless and unsafe transportation services in the New York

Metropolitan area by promises to its solicited Drivers of earning easy and fast compensation.

14. That at all times herein mentioned, and on before June 27th, 2018, UBER was a distributor of

an on-line enabled application known as the Uber App.

15. That at all times herein mentioned defendant, and on before June 27th, 2018, UBER trained

its Drivers, with online instructional videos and maintained minimum standards for its

Drivers, in order for them to further UBER's business.

16. That at all times herein mentioned, and on before June 27th, 2018, UBER set the rates that

customers pay for their trips, and collects the fares from the customer.

17. That at all times herein mentioned, and on before June 27th, 2018, UBER maintained control

over the entire transaction between an Uber customer and/or its UBER Drivers.

18. That at all times herein mentioned, and on before June 27th, 2018, UBER paid and continues

to pay UBER Drivers on a weekly basis.

19. That at all times herein mentioned, and on before June 27th, 2018, UBER's brand and value

to customers is increased by having a significant number of its drivers, registered and visible

to Customers on the Uber App and through the Uber sticker, thereby increasing the demand

for UBER Drivers.

20. That at all times herein mentioned, and on before June 27th, 2018, UBER permitted and

authorized its Drivers to communicate with customers by text and phone through use of its Uber App.

21. That at all times herein mentioned, and on before June 27th, 2018, the transportation services provided to the public by UBER Drivers were an integral and essential part of UBER's regular business operations.

22. That at all times herein mentioned, and on before June 27th, 2018, UBER's business would not exist without the furnishing of transportation services by its Drivers.

23. That at all times herein mentioned, and on before June 27th, 2018, UBER Driver's were economically dependent on UBER.

24. That at all times herein mentioned, and on before June 27th, 2018, the Uber App used by UBER Drivers, required said Drivers to monitor their wireless communication devices, smartphones/GPS both visually and tacitly, in order to render transportation services for UBER.

25. That at all times herein mentioned, and on before June 27th, 2018, UBER's required use by its Drivers of the Uber App, caused regular Driver inattention and distraction thereby creating unsafe and hazardous conditions on the public roadways.

26. That at all times herein mentioned, and on before June 27th, 2018, UBER's aggressive policy of promising its Drivers of fast and generous compensation, caused regular Driver inattention, distraction and other unsafe and hazardous conditions on the public roadways of New York State.

27. The Defendants UBER TECHNOLOGIES, INC. and UBER USA, were negligent, careless and/or reckless in the ownership, operation, management, maintenance, supervision, repair, inspection, and control of the aforesaid motor vehicle bearing New York State Registration

Case 1:21-cv-02534-AMD-LB   Document 1-2   Filed 05/06/21   Page 8 of 17 PageID #: 61

Number ASHF115.

28. Upon information and belief, that at all times and places hereinafter mentioned, the plaintiff was a passenger in a 2015 Honda motor vehicle bearing New York State Registration Number ASHF115 for the year 2018.

29. At all times hereinafter mentioned, Beverley Road or near its intersection with Nostrand Avenue, in the County of Kings, City and State of New York, was a public roadway, street and/or thoroughfare in common use by the general public.

30. That on June 27th, 2018, plaintiff, MELISSA BUISSON, was lawfully and properly operating a motor vehicle at the above-mentioned location.

31. That on June 27th, 2018, at the aforementioned location, the aforesaid motor vehicle in which plaintiff was a passenger managed, maintained, supervised, repaired, inspected, controlled, employed by defendant UBER TECHNOLOGIES, INC. and UBER USA, LLC., struck another vehicle.

32. That on June 27th, 2018, at the aforementioned location, the aforesaid motor vehicle in which plaintiff was a passenger managed, maintained, supervised, repaired, inspected, controlled, employed by defendant UBER TECHNOLOGIES, INC. and UBER USA, LLC., came in contact with another vehicle.

33. That on or about June 27th, 2018, at approximately 8:20 PM the subject motor vehicle    in which plaintiff was a passenger managed, maintained, supervised, repaired, inspected, controlled, employed by defendant UBER TECHNOLOGIES, INC. and UBER USA, LLC., violently collided and came in contact with another vehicle causing the plaintiff to sustain serious and permanent injuries as hereinafter alleged.

34. That the aforesaid crash and resultant injuries to plaintiff, MELISSA BUISSON were

Case 1:21-cv-02534-AMD-LB   Document 1-2   Filed 05/06/21   Page 9 of 17 PageID #: 62

caused wholly and solely by the carelessness, recklessness and negligence of the defendants in the ownership, operation, maintenance, and control of their aforesaid vehicle and carelessness and negligence of UBER TECHNOLOGIES, INC. and UBER USA, LLC. in the supervision, management, direction and control of the driver; in the carelessness and negligence of UBER TECHNOLOGIES, INC. and UBER USA, LLC. in facilitating the use of the Uber App by its Drivers, which the defendants knew or should have known, created an unsafe and hazardous monitoring distraction for its Drivers; in recklessly operating said Vehicle causing the aforesaid accident and severely injuring CATHERINE MORRIS.

35. That as a result thereof, the plaintiff, was caused to sustain severe and serious injuries.

36. That as a result of the aforesaid occurrence, the plaintiff, was rendered sick, sore, lame and disabled and has remained so since the said occurrence. She has sustained nervous shock and continues to suffer mental anguish and great physical pain. She has been compelled to undergo medical aid, treatment and attention and expand money and incur obligations for physicians' services, medical and hospital expenses for the care and treatment of her injuries; and upon information and belief, she will be compelled to expend additional sums of money and incur further obligations in the future for additional physicians' services, medical and hospital expenses for the further care and treatment of her injuries. She has been incapacitated from attending to her usual duties, functions, occupations, vocations and avocations, and in other ways she was damaged, and upon information and belief may be so incapacitated in the future and will suffer pecuniary losses.

37. That the plaintiff, MELISSA BUISSON, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of Sections 5102 and 5104 of the Insurance Law.

FILED: KINGS COUNTY CLERK 01/15/2021 12:55 PM    INDEX NO. 501176/2021

NYSCEF DOC. NO. 21    Case 1:21-cv-02534-AMD-LB    Document 1-2    Filed 05/06/21    Page 10 of 17 PageID #: 63    RECEIVED NYSCEF: 01/15/2021

38. Upon information and belief, that this action falls within one or more of the exceptions enunciated in Section 1601 and 1602 of the New York CPLR.

39. That plaintiff is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

40. The plaintiff was caused to sustain and incur medical bills and out-of-pocket expenses in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

41. That by reason of the foregoing, plaintiff, MELISSA BUISSON, has been damaged in the sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, the plaintiff, MELISSA BUISSON, demands judgment against the defendants, UBER TECHNOLOGIES, INC. and UBER USA, LLC. in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action: together with the interest, costs and disbursements.

Dated: Brooklyn, New York
   January 15th, 2021

Yours etc.,

_____
LAW OFFICES OF BRYAN BARENBAUM
Attorney for Plaintiff
2060 Eastern Parkway
Brooklyn, New York 11207
Phone: (718) 421-1111
Fax: (718) 421-1112

**UBER TECHNOLOGIES, INC.**
**UBER USA, LLC.**
**c/o CT CORPORATION SYSTEM**
**28 Liberty Street**
**New York, New York 10005**

# **VERIFICATION**

STATE OF NEW YORK      )
                                )ss:
COUNTY OF KINGS        )

I, the undersigned, being duly sworn depose and say:

I am Plaintiff within action. I have read the foregoing Summons and Complaint
and know the contents thereof. The content is true my knowledge except as to
matters therein stated to be alleged upon information and believe and as to those
matters I believe them to be true.

x _melvis Busin_

Sworn to before me on this
_15th_ day of _January_ , 2020

_____
Notary Public

ELLEN KOGAN
Commissioner of Deeds
City of New York - No. 211147
Cert. Filed in Kings County
Comm. Expires Aug. 1, 20__21

Case 1:21-cv-02534-AMD-LB   Document 1-2   Filed 05/06/21   Page 13 of 17 PageID #: 66

Index No.:

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-----------------------------------------------------------------------X
MELISSA BUISSON,

                        Plaintiff,

     -against -


UBER TECHNOLOGIES, INC. and UBER USA, LLC.,

                      Defendants.

-----------------------------------------------------------------------X

---

## SUMMONS AND VERIFIED COMPLAINT

---

**LAW OFFICES OF BRYAN BARENBAUM**
**Attorneys for Plaintiff**
**2060 Eastern Parkway**
**Brooklyn, New York 11207**
**Phone: (718) 421-1111**
**Fax: (718) 421-1112**

## AFFIDAVIT OF SERVICE

State of New York                    County of Kings                    Supreme Court

Index Number: 501176/2021
Date Filed: 1/15/2021

Plaintiff:
Melissa Buisson

vs.

Defendant:
Uber Technologies, Inc., and Uber USA, LLC.

**State of New York, County of Albany)ss.:**

Received by Capital Process Servers, Inc. to be served on **Uber USA, LLC s/h/a Uber USA, LLC..**

I, James Boland, being duly sworn, depose and say that on the **3rd day of March, 2021 at 3:15 pm, I:**

Served the within named **LIMITED LIABILITY COMPANY, Uber USA, LLC s/h/a Uber USA, LLC.,** by delivering two true copies of the **Notice of Electronic Filing, Summons and Verified Complaint pursuant to section 303 LLCL together with statutory service fee in the amount of $40.00** to Sue Zouky as Business Document Specialist 2 of The New York State Department of State, 99 Washington Avenue, 6th Floor, Albany, NY 12231, the New York State Department of State being the **Registered Agent/Statutory Agent** of record of the within named limited liability company, in compliance with state statutes.

Said documents were conformed with index number and date of filing was endorsed thereon.

**Description** of Person Served:  Age: 66,  Sex: F,  Race/Skin Color: White,  Height: 5'4",  Weight: 150,  Hair: Gray, Glasses: N

I am over the age of 18 and have no interest in the above action.

James Boland
Process Server

Capital Process Servers, Inc.
265 Post Avenue  Suite 150
Westbury, NY  11590
(516) 333-6380

Subscribed and Sworn to before me on the 9th day of March, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

PATRICIA A. BURKE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BU4922372
Qualified in Albany County
My Commission Expires February 28, _____ 2020

Our Job Serial Number: 2021000947
Ref: 1127191

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3x

1 of 1

Case 1:21-cv-02534-AMD-LB   Document 1-2   Filed 05/06/21   Page 15 of 17 PageID #: 68

## AFFIDAVIT OF SERVICE

State of New York                County of Kings                Supreme Court

Index Number: 501176/2021
Date Filed: 1/15/2021

Plaintiff:
Melissa Buisson

vs.

Defendant:
Uber Technologies, Inc., and Uber USA, LLC.

State of New York, County of Albany)ss.:

Received by Capital Process Servers, Inc. to be served on **Uber Technologies, Inc.**.

I, James Boland, being duly sworn, depose and say that on the **3rd day of March, 2021 at 3:15 pm, I:**

Served Uber Technologies, Inc. by delivering two true copies of the **Notice of Electronic Filing, Summons and Verified Complaint pursuant to section 306 BCL together with statutory service fee in the amount of** $40.00 to Sue Zouky, Business Document Specialist 2, of the Secretary of State of New York State, Department of State, 99 Washington Avenue, 6TH Floor, Albany, NY, 12231, The Secretary of State being the **Registered Agent/Statutory Agent** of record of the within named corporation, in compliance with state statutes.

Said documents were conformed with index number and date of filing was endorsed thereon.

**Description** of Person Served:  Age: 66,  Sex: F,  Race/Skin Color: White,  Height: 5'4",  Weight: 150,  Hair: Gray, Glasses: N

I am over the age of 18 and have no interest in the above action.

James Boland
Process Server

Subscribed and Sworn to before me on the 9th day of March, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

PATRICIA A. BURKE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BU4922372
Qualified in Albany County
My Commission Expires February 28, _____

**Capital Process Servers, Inc.**
**265 Post Avenue  Suite 150**
**Westbury, NY  11590**
**(516) 333-6380**

Our Job Serial Number: 2021000946
Ref: 1127190

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3x

1 of 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** _New York_

## STATEMENT OF AUTHORIZATION FOR
## ELECTRONIC FILING
### (Single Attorney Authorizing Individual Filing Agent)

I, _Bryan Borenbaum_, Esq., ( Attorney Registration No. _405161b_ ) am an authorized user of the New York State Courts Electronic Filing System ("NYSCEF") (User ID _guitar 30_ ). I hereby authorize _Smshurg_; ("the filing agent") to utilize his/her NYSCEF filing agent ID to file documents on my behalf and at my direction in any e-filed matter in which I am counsel of record through the NYSCEF system, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which I have previously consented to e-filing, to any mandatory matter in which I have recorded my representation, and to any matter in which I may authorize the filing agent to record my consent or representation in the NYSCEF system.

This authorization extends to any and all documents I generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which I am counsel of record, shall be deemed to accompany any document filed in that matter by the filing agent.

Where a document intended for filing includes secure information as set forth in the E-Filing Rules, I will notify the filing agent and direct the filing agent to mark that document Secure in the NYSCEF system.

I further authorize the filing agent to view such Secure documents that I have filed or that I generate and submit to the filing agent for filing in any such matter.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account I maintain with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until I revoke it in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: _7/11/12_

_B. B._
Signature

_Bryan Borenbaum_
Print Name

_Brooklyn, NY 11207_
City, State and Zip Code

_718-421-1111_
Phone

Case 1:21-cv-02534-AMD-LB   Document 1-2   Filed 05/06/21   Page 17 of 17 PageID #: 70

Law Offices of Bryan Bonenbanm
**Firm/Department**

bonenbanmesq@gmail.com
**E-Mail Address**

2060 Eastern Pkwy
**Street Address**

**(3/19/12)**