# COUGHLIN BETKE LLP

**175 FEDERAL STREET**
**BOSTON, MASSACHUSETTS 02110**

TELEPHONE: 617-988-8050
FACSIMILE: 617-988-8005

*Please send all correspondence to our Boston office for scanning.*

Andrew Ferguson, Esq.                                                  Direct Dial Number: (617) 988-8039
Admitted in MA, NH, RI and NY                                          Email: aferguson@coughlinbetke.com

June 1, 2021

*Via ECF*
Honorable Ann M. Donnelly
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, New York 11201

Re:   Buisson v. Uber Technologies, Inc. et al
      *United States District Court for the Eastern District of New York, No. 1:21-cv-02534-AMD-LB*

Dear Judge Donnelly:

Pursuant to the Court's Order dated May 26, 2021, Local Rule of Civil Procedure 37.3, and this Court's Individual Practices and Rules § 4(A), the Defendants, Uber Technologies, Inc. and Uber USA, LLC ("Uber Defendants") hereby respond to the Plaintiff's letter dated May 25, 2021 ("Letter") requesting a pre-motion conference concerning plaintiff's request that this matter be remanded.

As a starting point, the Plaintiff does not argue or suggest that removal was improper. As set forth in their Notice of Removal, the Uber Defendants established that their citizenship is diverse to the Plaintiff's, the amount in controversy concerning the Plaintiff's injuries exceeds $ 75,000, and that removal to this Court under 28 U.S.C. 1332(a) is therefore proper. *See* Docket Paper No. 1. The Plaintiff does **not** dispute or contest any of these facts in her Letter, and states no legal basis in her Letter upon which to find that removal was improvidently made. Since the Uber Defendants have established the diversity of citizenship and the amount in controversy at the time of removal, the Plaintiff has not disputed these facts, and Plaintiff has not –and cannot– argue that removal was improper, the Court has original jurisdiction over this matter. See 28 U.S.C. § 1332(a). Thus, there is no legal basis to remand this case.

Plaintiff contends she wishes, and her intent all along was, to consolidate this matter with *Buisson v. The City of New York et al.,* State of New York, Kings County Supreme Court Index. No. 521973/2018 ("*Buisson I*"). However, Plaintiff's argument that this plan is belied by the record. In making her recitation of *Buisson I* in her Letter, the Plaintiff fails to inform the Court that when *Buisson*

| RHODE ISLAND | CONNECTICUT | NEW HAMPSHIRE | NEW YORK |
|---|---|---|---|
| 10 DORRANCE STREET | 100 PEARL STREET | 20 TRAFALGAR SQUARE | 1330 AVENUE OF THE AMERICAS |
| SUITE 700 | 14TH FLOOR | SUITE 435 | SUITE 23A |
| PROVIDENCE, RI 02903 | HARTFORD, CT 06103 | NASHUA, NH 03063 | NEW YORK, NY 10019 |
| TEL: 401-519-3637 | TEL: 860-249-7020 | TEL: 603-589-4025 | TEL: 212-653-0380 |

Honorable Ann M. Donnelly
June 1, 2021
Page 2 of 2

*I* was filed in 2018, the Plaintiff expressly alleged she was a passenger at the time of the collision, and therefore presumably knew the Uber Defendants were possible defendants when filing *Buisson I*. See Exhibit A hereto. Yet Plaintiff did not name them. Thereafter, Plaintiff chose to file a separate lawsuit instead of simply complying with Hon. Peter Sweeney's case scheduling order in *Buisson I* and seeking leave to amend her complaint to assert claims against the Uber Defendants under the Civil Practice Law and Rules in *Buisson I*. See Exhibit B hereto. Instead, Plaintiff then waited 806 days during the pendency of the *Buisson I,* and until after decisions on cross-motions for summary judgment, before filing a separate and independent lawsuit against the Uber Defendants as part of an alleged consolidation gambit. In sum, Plaintiff very easily could have added the Uber Defendants to *Buisson I* and purposefully elected not to do so.

      Finally, the instant action does not involve the same questions of liability and damages as *Buisson I*. *Buisson I* alleges negligent operation against the vehicle operators and owners. The instant action, by contrast, alleges separate and independent negligence on the part of the Uber Defendants. *See* Doc. 1-2 at 8. The instant action therefore involves different questions of liability and damages, as well as different legal questions. Indeed, an important legal issue in this matter is whether the Plaintiff's claims are subject to arbitration by virtue of agreement she entered with the Uber Defendants when she registered to use the Uber App. By properly exercising their right to remove this matter to this Court, the Uber Defendants have the right to have that issue, as well as the other issues in this matter, heard by this Honorable Court.

      In summary, Plaintiff does not claim or suggest that the Uber Defendants removal was improper. Plaintiff knew of the Uber Defendants alleged role and could have named them when filing *Buisson I*. She did not. Plaintiff could have complied with the case scheduling order and the C.P.L.R. in *Buisson I* and sought leave to amend her complaint to add the Uber Defendants. She did not. Having eschewed the appropriate practice in favor of filing a separate lawsuit against the Uber Defendants, a foreign corporation and limited liability company, the Plaintiff ran the risk of removal. The Uber Defendants are entitled to the adjudication of this dispute in this Court under 28 U.S.C. § 1332. Adjudication of this dispute in this Court will necessarily include the issue of whether the Plaintiff's claims are subject to arbitration by virtue of agreement, as the Uber Defendants have notified Plaintiff of their intent to demand arbitration, and that they will be filing a motion to compel arbitration if Plaintiff will not agree to same. Regardless, there is no legal basis to deny the Uber Defendants their statutory right to removal.

      For the foregoing reasons, the Plaintiff's request for a remand should be denied.

      Respectfully,

      Andrew R. Ferguson

ARF/bhl
cc: Bryan Barenbaum, Esq. (via ECF)

| RHODE ISLAND | CONNECTICUT | NEW HAMPSHIRE | NEW YORK |
|---|---|---|---|
| 10 DORRANCE STREET | 100 PEARL STREET | 20 TRAFALGAR SQUARE | 1330 AVENUE OF THE AMERICAS |
| SUITE 700 | 14TH FLOOR | SUITE 435 | SUITE 23A |
| PROVIDENCE, RI 02903 | HARTFORD, CT 06103 | NASHUA, NH 03063 | NEW YORK, NY 10019 |
| TEL: 401-519-3637 | TEL: 860-249-7020 | TEL: 603-589-4025 | TEL: 212-653-0380 |