# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
MELISSA BUISSON ,

                        Plaintiff,

       -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF SANITATION, CHARLES TOLAS
and GMARIF UDDIN,

                        Defendants.
-----------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates Kings
County as the place of trial.

The basis of venue is:
Situs of occurrence

Plaintiff resides at
690 East 45th Street
Brooklyn, New York

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   Brooklyn, New York
          November 1ST, 2018

_____
LAW OFFICES OF BRYAN
BARENBAUM, P.C.
Attorneys for Plaintiff
2060 Eastern Parkway
Brooklyn, New York 11207
(718) 421-1111

**DEFENDANTS' ADDRESSES:**

**THE CITY OF NEW YORK**
**100 Church Street**
**New York, New York 10007**

**NEW YORK CITY DEPARTMENT OF SANITATION**
**52-35 58th Street**
**Woodside, New York 11377**

AND / OR

125 Worth Street
New York, New York 10013

CHARLES TOLAS
9 Innis Street
Staten Island, New York 10302

GMARIF UDDIN
5924 20th Avenue
Brooklyn, New York 11204

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X   Index No.:
MELISSA BUISSON ,

                            Plaintiff,

   -against-

**VERIFIED COMPLAINT**

THE CITY OF NEW YORK,  NEW YORK CITY
DEPARTMENT OF SANITATION, CHARLES TOLAS
and GMARIF UDDIN,

                            Defendants.
-------------------------------------------------------------------------X

      Plaintiff, by his attorneys, **LAW OFFICES OF BRYAN BARENBAUM**, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

1. At all times hereinafter mentioned, plaintiff, MELISSA BUISSON was and still is a resident of the County of Kings, City and State of New York.

2. That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK was and still is a municipal corporation.

3. That at all times hereinafter mentioned, defendant, NEW YORK CITY DEPARTMENT OF SANITATION was and still is a municipal corporation.

4. That prior hereto, and within the time prescribed by law, a sworn Notice of Claim on July 31st, 2018, among other things, the time when, the place where and the manner in which the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the claimant's behalf on THE CITY OF NEW YORK and that thereafter said defendant refused or neglected for more than thirty (30) days and up to the commencement of this

action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5. That prior hereto, and within the time prescribed by law, a sworn Notice of Claim on July 31st, 2018, among other things, the time when, the place where and the manner in which the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the claimant's behalf on NEW YORK CITY DEPARTMENT OF SANITATION and that thereafter said defendant refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

6. A hearing was held on September 17th, 2018 pursuant to General Municipal Law (50H Hearing).

7. That this action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

8. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned, the defendant, NEW YORK CITY DEPARTMENT OF SANITATION, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a foreign corporation duly authorized to do business in the State of New York.

11. That at all times hereinafter mentioned, the defendant, NEW YORK CITY DEPARTMENT OF SANITATION, was and still is a foreign corporation duly authorized to do business in the State of New York.

12. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, maintained its principal place of business in State of New York.

13. That at all times hereinafter mentioned, the defendant, NEW YORK CITY DEPARTMENT OF SANITATION, maintained its principal place of business in State of New York.

14. Defendant, CHARLES TOLAS, was and is an agent, servant and/or employee of defendant, THE CITY OF NEW YORK and more specifically, employed by defendant, NEW YORK CITY DEPARTMENT OF SANITATION.

15. At all times hereinafter mentioned, defendant, CHARLES TOLAS, was acting within the course and scope of his employment with defendant, THE CITY OF NEW YORK.

16. At all times hereinafter mentioned, defendant, CHARLES TOLAS, was acting within the course and scope of his employment with defendant, NEW YORK CITY DEPARTMENT OF SANITATION.

17. At all times hereinafter mentioned, defendant, THE CITY OF NEW YORK was the owner of a motor vehicle bearing AU6705 New York State Registration number for the year 2018.

18. At all times hereinafter mentioned, defendant, NEW YORK CITY DEPARTMENT OF SANITATION, was the owner of motor vehicle bearing AU6705 New York State Registration number for the year 2018.

19. At all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, maintained the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

20. At all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, managed the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

21. At all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, controlled the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

22. At all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, inspected the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

23. At all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, repaired the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

24. At all times hereinafter mentioned, defendant, NEW YORK CITY DEPARTMENT OF SANITATION, maintained the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

25. At all times hereinafter mentioned, defendant, NEW YORK CITY DEPARTMENT OF SANITATION managed the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

26. At all times hereinafter mentioned, defendant, NEW YORK CITY DEPARTMENT OF SANITATION controlled the aforesaid motor vehicle bearing

AU6705 New York State Registration Number.

27. At all times hereinafter mentioned, defendant, NEW YORK CITY DEPARTMENT OF SANITATION inspected the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

28. At all times hereinafter mentioned, defendant, NEW YORK CITY DEPARTMENT OF SANITATION repaired the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

29. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle owned by defendant, THE CITY OF NEW YORK.

30. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle owned by defendant, NEW YORK CITY DEPARTMENT OF SANITATION.

31. At all times hereinafter mentioned, defendant, CHARLES TOLAS, operated the aforesaid motor vehicle in the course of his employment with defendant, THE CITY OF NEW YORK.

32. At all times hereinafter mentioned, defendant, CHARLES TOLAS, operated the aforesaid motor vehicle in the course of his employment with defendant, NEW YORK CITY DEPARTMENT OF SANITATION.

33. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle with the express consent of defendant, THE CITY OF NEW YORK.

34. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle with the express knowledge of defendant, THE CITY OF

NEW YORK.

35. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle with the express permission of defendant, THE CITY OF NEW YORK.

36. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle with the implied consent of defendant, THE CITY OF NEW YORK.

37. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle with the implied knowledge of defendant, THE CITY OF NEW YORK.

38. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle with the implied permission of defendant, THE CITY OF NEW YORK.

39. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle with the express consent of defendant, NEW YORK CITY DEPARTMENT OF SANITATION.

40. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle with the express knowledge of defendant, NEW YORK CITY DEPARTMENT OF SANITATION

41. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle with the express permission of defendant, NEW YORK CITY DEPARTMENT OF SANITATION.

42. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the

aforesaid motor vehicle with the implied consent of defendant, NEW YORK CITY DEPARTMENT OF SANITATION.

43. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle with the implied knowledge of defendant, NEW YORK CITY DEPARTMENT OF SANITATION.

44. At all times hereinafter mentioned, defendant, CHARLES TOLAS operated the aforesaid motor vehicle with the implied permission of defendant, NEW YORK CITY DEPARTMENT OF SANITATION.

45. At all times hereinafter mentioned, defendant, CHARLES TOLAS, maintained the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

46. At all times hereinafter mentioned, defendant, CHARLES TOLAS managed the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

47. At all times hereinafter mentioned, defendant, CHARLES TOLAS controlled the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

48. At all times hereinafter mentioned, defendant, CHARLES TOLAS inspected the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

49. At all times hereinafter mentioned, defendant, CHARLES TOLAS repaired the aforesaid motor vehicle bearing AU6705 New York State Registration Number.

50. That at all times hereinafter mentioned defendant, GMARIF UDDIN was the owner of a 2015 Honda motor vehicle bearing New York State Registration Number ASHF115 for the year 2018.

51. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, GMARIF UDDIN was the operator of the aforesaid motor vehicle

bearing New York State Registration Number ASHF115.

52. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, GMARIF UDDIN, was the lessee of the aforesaid motor vehicle bearing New York State Registration Number ASHF115.

53. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, GMARIF UDDIN, was the lessor of the aforesaid motor vehicle bearing New York State Registration Number ASHF115.

54. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, GMARIF UDDIN, maintained the aforesaid motor vehicle bearing New York State Registration Number ASHF115.

55. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, GMARIF UDDIN, managed the aforesaid motor vehicle bearing New York State Registration Number ASHF115.

56. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, GMARIF UDDIN, controlled the aforesaid motor vehicle bearing New York State Registration Number ASHF115.

57. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, GMARIF UDDIN, repaired the aforesaid motor vehicle bearing New York State Registration Number ASHF115.

58. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, GMARIF UDDIN, inspected the aforesaid motor vehicle bearing New York State Registration Number ASHF115.

59. At all times hereinafter mentioned, plaintiff, MELISSA BUISSON was lawfully

and properly a passenger in a motor vehicle owned and operated by defendant, GMARIF UDDIN bearing ASHF115 New York State Registration number for the year 2018.

60. At all times hereinafter mentioned, Beverley Road or near its intersection with Nostrand Avenue, in the County of Kings, City and State of New York, was a public roadway, street and/or thoroughfare in common use by the general public.

61. That on June 27th, 2018, plaintiff, MELISSA BUISSON was lawfully and properly a passenger in a motor vehicle at the aforementioned location.

62. That on June 27th, 2018, the motor vehicle owned by defendant, THE CITY OF NEW YORK and operated by defendant, CHARLES TOLAS struck the motor vehicle in which plaintiff was a passenger owned and operated by defendant, GMARIF UDDIN.

63. That on June 27th, 2018, the motor vehicle owned by defendant, THE CITY OF NEW YORK and operated by defendant, CHARLES TOLAS came into contact with the motor vehicle in which plaintiff was a passenger owned and operated by defendant, GMARIF UDDIN.

64. That on June 27th, 2018, the motor vehicle owned by defendant, NEW YORK CITY DEPARTMENT OF SANITATION and operated by defendant, CHARLES TOLAS struck the motor vehicle in which plaintiff was a passenger owned and operated by defendant, GMARIF UDDIN.

65. That on June 27th, 2018, the motor vehicle owned by defendant, NEW YORK CITY DEPARTMENT OF SANITATION and operated by defendant, CHARLES TOLAS came into contact with the motor vehicle in which plaintiff

was a passenger owned and operated by defendant, GMARIF UDDIN.

66. That on June 27th, 2018, the motor vehicle in which plaintiff was a passenger Owned and operated by defendant, GMARIF UDDIN struck the motor vehicle in owned by defendant, THE CITY OF NEW YORK and operated by defendant, CHARLES TOLAS.

67. That on June 27th, 2018, the motor vehicle in which plaintiff was a passenger Owned and operated by defendant, GMARIF UDDIN came into contact with the motor vehicle in owned by defendant, THE CITY OF NEW YORK and operated by defendant, CHARLES TOLAS.

68. That on June 27th, 2018, the motor vehicle in which plaintiff was a passenger Owned and operated by defendant, GMARIF UDDIN struck the motor vehicle in owned by defendant, NEW YORK CITY DEPARTMENT OF SANITATION and operated by defendant, CHARLES TOLAS.

69. That on June 27th, 2018, the motor vehicle in which plaintiff was a passenger Owned and operated by defendant, GMARIF UDDIN came into contact with the motor vehicle in owned by defendant, NEW YORK CITY DEPARTMENT OF SANITATION and operated by defendant, CHARLES TOLAS.

70. That on or about June 27th, 2018, at approximately 8:20 pm the subject motor vehicle owned by defendant, THE CITY OF NEW YORK and operated, managed, maintained and controlled by defendant, CHARLES TOLAS, violently collided and came into contact with a motor vehicle in which plaintiff was a passenger and owned and operated by defendant, GMARIF UDDIN causing the plaintiff to sustain serious and permanent injuries as hereinafter alleged.

71. That on or about June 27th, 2018, at approximately 8:20 pm the subject motor vehicle owned by defendant, NEW YORK CITY SANITATION DEPARTMENT and operated, managed, maintained and controlled by defendant, CHARLES TOLAS, violently collided and came into contact with a motor vehicle in which plaintiff was a passenger and owned and operated by defendant, GMARIF UDDIN causing the plaintiff to sustain serious and permanent injuries as hereinafter alleged.

72. That on or about June 27th, 2018, at approximately 8:20 pm the subject motor vehicle in which plaintiff was a passenger owned, operated, managed, maintained and controlled by defendant, GMARIF UDDIN, violently collided and came into contact with a motor vehicle owned by defendant, THE CITY OF NEW YORK and operated by defendant, CHARLES TOLAS causing the plaintiff to sustain serious and permanent injuries as hereinafter alleged.

73. That on or about June 27th, 2018, at approximately 8:20 pm the subject motor vehicle in which plaintiff was a passenger owned, operated, managed, maintained and controlled by defendant, GMARIF UDDIN, violently collided and came into contact with a motor vehicle owned by defendant, NEW YORK CITY SANITATION DEPARTMENT and operated by defendant, CHARLES TOLAS causing the plaintiff to sustain serious and permanent injuries as hereinafter alleged.

74. That the aforesaid occurrence was caused by reason of the carelessness, recklessness and negligence of the defendant, CHARLES TOLAS, in operation, maintenance, management and control of his aforesaid automobile without any

negligence on the part of the plaintiff contributing thereto.

75. That the plaintiff's said injuries and damages were caused by the reckless, carelessness and negligence of the defendant, CHARLES TOLAS in negligent operation of the aforesaid motor vehicle, without any fault of negligence on the part of the plaintiff contributing thereto in any manner, and said injuries are severe and permanent.

76. That the aforesaid occurrence was caused by reason of the carelessness, recklessness and negligence of the defendant, GMARIF UDDIN, in operation, maintenance, management and control of his aforesaid automobile without any negligence on the part of the plaintiff contributing thereto.

77. That the plaintiff's said injuries and damages were caused by the reckless, carelessness and negligence of the defendant, GMARIF UDDIN in negligent operation of the aforesaid motor vehicle, without any fault of negligence on the part of the plaintiff contributing thereto in any manner, and said injuries are severe and permanent.

78. That as a result of the aforesaid occurrence, the plaintiff, was rendered sick, sore, lame and disabled and has remained so since the said occurrence. She has sustained nervous shock and continues to suffer mental anguish and great physical pain. She has been compelled to undergo medical aid, treatment and attention and expand money and incur obligations for physicians' services, medical and hospital expenses for the care and treatment of her injuries; and upon information and belief, she will be compelled to expend additional sums of money and incur further obligations in the future for additional physicians' services, medical and hospital

expenses for the further care and treatment of her injuries. She has been incapacitated from attending to her usual duties, functions, occupations, vocations and avocations, and in other ways she was damaged, and upon information and belief may be so incapacitated in the future and will suffer pecuniary losses.

79. That the plaintiff, MELISSA BUISSON, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of the Sections 5102 and 5104 of the Insurance Law.

80. Upon information and belief, that this action falls within one or more of the exceptions enunciated in Section 1601 and 1602 of the New York CPLR.

81. That plaintiff is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

82. The plaintiff was caused to sustain and incur medical bills and out-of-pocket expenses in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

83. That by reason of the foregoing, plaintiff, MELISSA BUISSON, has been damaged in the sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

WHEREFORE, plaintiff, MELISSA BUISSON demands judgment against the defendants, THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF SANITATION, CHARLES TOLAS and GMARIF UDDIN in the amount which exceeds the jurisdictional

limitations of all lower courts which would otherwise have jurisdiction over this action; together with the interest, costs and disbursements.

Dated: Brooklyn, New York
November 1st, 2018

Yours etc.,

_____
LAW OFFICES OF BRYAN BARENBAUM
Attorneys for Plaintiff
2060 Eastern Parkway
Brooklyn, New York 11207
Phone: (718) 421-1111
Fax: (718) 421-1112

TO: **THE CITY OF NEW YORK**
**100 Church Street**
**New York, New York 10007**

**NEW YORK CITY DEPARTMENT OF SANITATION**
**52-35 58th Street**
**Woodside, New York 11377**
        **AND / OR**

**125 Worth Street**
**New York, New York 10013**

**CHARLES TOLAS**
**9 Innis Street**
**Staten Island, New York 10302**

**GMARIF UDDIN**
**5924 20th Avenue**
**Brooklyn, New York 11204**

## VERIFICATION

STATE OF NEW YORK )
)ss:
COUNTY OF _KINGS_ )

    I, the undersigned, being duly sworn depose and say: I am Plaintiff in the within action. I have read the foregoing _Summons_, _Complaint_ and know the contents thereof. The content is true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Sworn before me this
_15_ Day of _Nov_ 20 _18_

_____
Notary Public

ELLEN KOGAN
Commissioner of Deeds
City of New York - No. 211147
Cert. Filed in Kings County
Comm. Expires Aug. 1, 20 _19_

Index No.:

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-------------------------------------------------------------------------X
MELISSA BUISSON,

                                                              Plaintiff,

    -against -


THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF SANITATION, CHARLES TOLAS
and GMARIF UDDIN,

                                               Defendants.
-------------------------------------------------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

**LAW OFFICES OF BRYAN BARENBAUM, P.C.**
**Attorneys for Plaintiff**
**2060 Eastern Parkway**
**Brooklyn, New York 11207**
**Phone: (718) 421-1111**
**Fax: (718) 421-1112**